| | | |
|---|---|---|
| COSSENTINO CONTRACTING COMPANY, INC.<br>8505 Contractors Road<br>Baltimore Maryland 21237<br><br>    Plaintiff<br><br>v.<br><br>CSX TRANSPORTATION, INC.<br>100 North Charles St.<br>Baltimore Maryland 21201<br><br>    <u>Serve on:</u><br>    RESIDENT AGENT<br>    The Corporation Trust Incorporated<br>    2405 York Road, Suite 201<br>    Lutherville Timonium MD 21093<br><br>    Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE COUNTY<br><br><br><br><br><br><br><br><br>Case No. _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFIED COMPLAINT

Cossentino Contracting Company, Inc., the plaintiff, by its undersigned counsel and pursuant to the Maryland Rules of Procedure, hereby files this Verified Complaint against the defendant, CSX Transportation, Inc., and for reasons therefor states as follows:

1. Cossentino Contracting Company, Inc. operates a business on the real property known as 8505 Contractors Road, Baltimore Maryland 21237 (the "Property").[1]

2. The Property was originally purchased from James C. Alban Jr. by John T. Cossentino and his then wife Carmen Cossentino by deed dated June 3, 1983, which is recorded among the Land Records of Baltimore County at Liber 8392, Folio 790.

---

[1] Since 2022, the Property has been held in trust by the Donna M. Cossentino Living Trust dated October 7, 2008, following the death of John T. Cossentino.

3. In order to access the Property from the public street, one must exit off of Contractors Road and cross a railroad crossing over railroad tracks currently owned by CSX Transportation, Inc. ("CSX" and the "Crossing").

4. Since the Property was purchased in 1983, Cossentino Contracting Company, Inc. has used the Crossing as its sole point of access to the Property.

5. Upon information and belief, James C. Alban Jr. and prior owners also used the Crossing as the sole point of access to the Property.

6. Although a portion of Kelso Drive has relatively recently been extended as a private roadway through Cosda Farms, which neighbors the Property, the Property enjoys no easement or other right to use this private roadway as its means of ingress and egress to and from the public right of way.

7. Recently, CSX notified the plaintiff of CSX's unilateral decision to close the Crossing, which threatens to shut down the plaintiff's business.

8. The plaintiff has voiced its opposition to this decision, but CSX has refused to halt its plans to immediately close and dismantle the Crossing by the end of May, 2024.

9. Since at least 1983 (and, upon information and belief, long before that), the owner(s) of the Property have used the Crossing as the sole means of accessing the Property. Such use has been open and notorious, continuous, and adverse, creating an easement by prescription for use of the Crossing.

10. Additionally, if the Crossing is closed, the Property will be "land-locked" and without a means to legally access a public street to provide ingress and egress to and from the Property, creating an easement by necessity for use of the Crossing.

11. The defendant's threatened immediate closure of the Crossing threatens to impair these rights.

12. For this reason, the plaintiff requests that the Court enter the following relief to declare and enforce the plaintiff's continued right to use the Crossing to access the Property.

### Count I–Declaratory Judgment

13. The plaintiff incorporates herein the allegations contained in Paragraphs 1 through 12, as if fully set forth herein.

14. As set out above, the plaintiff has the right to use and enjoyment of the Crossing, based on the doctrine of an easement by prescription, or, alternatively, based on the doctrine of an easement by necessity.

15. The defendant has disputed these rights, and had unilaterally decided to close and remove the Crossing.

16. In order to resolve this dispute between the parties, the plaintiff requests that the Court declare the respective rights of the parties, and declare that the plaintiff enjoys the right to use and enjoy the Crossing based on these easement rights.

WHEREFORE, the plaintiff requests that this Court enter a Declaratory Judgment, declaring that the plaintiff enjoys an easement to use the Crossing under theory of a prescriptive easement, or, alternatively, under the theory of an easement by necessity.

### Count II – Trespass

17. The plaintiff adopts and incorporates the allegations of Paragraphs 1 through 16 of this Complaint into this Count as if fully set forth herein.

18. The closing of the Crossing by CSX will impermissibly interfere with the plaintiff's easement right(s) over the Crossing.

19. The plaintiff has objected to CSX's unilateral decision to close the Crossing, but CSX has refused to relent on its position.

20. The defendant's planned conduct has or will cause substantial and unreasonable injury and/or interference with the plaintiff's easements rights over the Crossing.

WHEREFORE, the plaintiff requests that this Court enter a preliminary and permanent injunction, requiring the defendant to maintain the Crossing in place for use of the plaintiff and its business.

/s/  James L. Shea, Jr.
James L. Shea, Jr. (jshea@rmmr.com)
(CPF # 0612130320)
Royston, Mueller, McLean & Reid, LLP
The Royston Building, Suite 600
102 West Pennsylvania Avenue
Towson, Maryland 21204-4575
(410) 823-1800
*Attorneys for the plaintiff*

## CERTIFICATE PURSUANT TO MD. RULE 20-201(f)(1)

I hereby certify that submission does not contain any restricted information, as that term is defined by Maryland Rule 20-101(s).

/s/  James L. Shea, Jr.
James L. Shea, Jr.  (CPF # 0612130320)

## REQUEST FOR ISSUANCE OF SUMMONS

I hereby request that the Clerk's Office issue and return to me a Writ of Summons for service on the defendant.

/s/  James L. Shea, Jr.
James L. Shea, Jr.  (CPF # 0612130320)

4

## **VERIFICATION**

I, Kristoher M. Davis, on behalf of Cossentino Contracting Company, Inc., do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing Verified Complaint are true.

COSSENTINO CONTRACTING COMPANY, INC.

5/21/2024
DATE

By: Kristopher M. Davis
President