| | | |
|---|---|---|
| **COSSENTINO CONTRACTING COMPANY, INC.** | * | **IN THE** |
| | * | **UNITED STATES DISTRICT COURT** |
| **Plaintiff** | * | **FOR THE DISTRICT OF MARYLAND** |
| **v.** | * | **(NORTHERN DIVISION)** |
| **CSX TRANSPORTATION, INC.** | * | |
| **Defendant** | * | **Case No. 1:24-cv-01883-ABA** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT CSX TRANSPORTATION, INC.'S ANSWER TO COMPLAINT

Defendant CSX Transportation, Inc. ("CSXT") hereby answers Cossentino Contracting Company, Inc.'s ("Plaintiff" or "Cossentino") Complaint (ECF No. 2) as follows:

1.      Admitted.

2.      Admitted.

3.      Denied.

4.      Denied.

5.      CSXT is without sufficient information to admit or deny the allegations set forth in this paragraph and therefore denies them.

6.      Denied.

7.      Admitted that CSXT intends to close the Crossing due to safety concerns.  Denied as to the remainder.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Denied.

12.     Admitted that Plaintiff seeks the relief described in the Complaint.  Denied as to the remainder and denied that Plaintiff is entitled to any of the relief requested in the Complaint.

## Count I – Declaratory Judgment

13.     CSXT repeats its responses and denials to the preceding and foregoing paragraphs as if fully set forth herein.

14.     Denied.

15.     Admitted due to safety concerns.

16.     Admitted that Plaintiff seeks a declaratory judgment as described.  Denied as to the remainder and denied that Plaintiff is entitled to any of the relief requested in the Complaint.

## Count II – Trespass

17.     CSXT repeats its responses and denials to the preceding and foregoing paragraphs as if fully set forth herein.

18.     Denied.

19.     Admitted that Plaintiff has objected to the potential closing of the Crossing.  Denied as to the remainder.

20.     Denied.

## Affirmative Defenses

CSXT asserts the following affirmative defenses without conceding that it bears the burden of proof as to any of the defenses pled.  CSXT reserves the right to amend or supplement these defenses and to take further positions as discovery proceeds in this case.

## First Affirmative Defense

Plaintiff's Complaint fails to state any claim upon which relief might be granted.

## Second Affirmative Defense

The Complaint and each claim for relief alleged therein is barred, in whole or in part, because there have been no damages in any amount, manner, or at all by reason of any act alleged against CSXT in the Complaint.

## Third Affirmative Defense

If Plaintiff has suffered any damages or injury in fact, which CSXT expressly denies, CSXT alleges that Plaintiff's recovery is barred by its failure to mitigate, reduce, or otherwise avoid damages or injuries.

## Fourth Affirmative Defense

Some or all of Plaintiff's claims are or may be barred by the doctrine of federal preemption. Specifically, Plaintiff's claims are or may be preempted, in whole or in part, by Section 10501(b) of the Interstate Commerce Commission Termination Act of 1995, 49 U.S.C. § 10501, the Federal Railroad Safety Act, 49 U.S.C. § 20106 *et seq.,* and/or the Supremacy Clause and Commerce Clause of the United States Constitution.

## Fifth Affirmative Defense

Plaintiff's claim for trespass is barred because Plaintiff and/or its predecessors-in-interest have consented to CSXT's control of the Crossing.

Date: November 20, 2024                     Respectfully submitted,

                                            */s/ Kurt J. Fischer*
                                            Kurt J. Fischer (Bar No. 03300)
                                            VENABLE LLP
                                            210 W. Pennsylvania Avenue, Suite 500
                                            Towson, Maryland 21204
                                            (410) 494.6200
                                            (410) 821-0147 (facsimile)
                                            kjfischer@venable.com

                                            Emily J. Wilson (Bar No. 20780)
                                            VENABLE LLP
                                            750 E. Pratt Street, Suite 900
                                            Baltimore, Maryland 21202
                                            (410) 244-7400
                                            (410) 244-7742 (facsimile)
                                            ejwilson@venable.com

                                            *Counsel to CSX Transportation, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** on this 20th day of November, 2024, that a copy of the foregoing

Reply to Opposition to Motion to Dismiss, or in the Alternative, Motion for Summary Judgment,

and Proposed Order, were served on counsel, James L. Shea, Jr., for Plaintiff via CM/ECF.


*/s/ Emily J. Wilson*
Emily J. Wilson