**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| COSSENTINO CONTRACTING CO., INC.,<br>*Plaintiff*,<br>v.<br>CSX TRANSPORTATION, INC.,<br>*Defendant* | Case No. 24-cv-1883-ABA |

**MEMORANDUM OPINION AND ORDER**

A railroad crossing for many years served as the only way to access a property on which Plaintiff Cossentino Contracting Company, Inc. ("Cossentino") currently operates an underground utility contracting company, creating an easement (of necessity and/or by prescription). The property is now accessible via a private road across a neighboring parcel owned by Cosda Farm LLC, connecting Cossentino to Kelso Drive, a public road. Cosda Farm lists its principal office as Cossentino's address (8505 Contractors Road) and they are managed by the same person, Kristopher Davis. The parties dispute whether that new means of access has extinguished the railroad crossing easement. The Court, having denied Defendant CSX Transportation, Inc.'s ("CSX's") motion to dismiss, and denied both parties' summary judgment motions, has set a bench trial beginning December 7, 2026.

CSX has filed a motion in limine to exclude (1) testimony from expert witnesses who were not disclosed during discovery, (2) testimony from Mr. Davis regarding specific costs that reconfiguring the property would entail, and (3) testimony from a former attorney to Cosda Farm whom Plaintiff also did not identify in its answers to interrogatories. ECF No. 51. Cossentino does not dispute the belatedness of its

disclosures regarding points 1 and 3, but seeks an order excusing the belatedness, or alternatively postponing the trial and reopening discovery. For the following reasons, the trial date remains in place, and CSX's motion to exclude Plaintiff's newly designated experts will be granted. On points 2 and 3, the Court reserves decision and will hold a hearing.

The Court assumes the parties' familiarity with the facts and procedural history, including as summarized in this Court's opinion denying CSX's motion to dismiss (ECF No. 12), and its oral ruling denying the parties' motions for summary judgment (ECF No. 50 at 58:23–65:21).[1] Cossentino requests permission for late designation of experts specifically on the subjects of "the estimated cost of a hypothetical fuel pump relocation" and "the estimated cost to perform concrete and construction work for a hypothetical reconfiguration of the Plaintiff's property." ECF No. 51-12 at 4–5. Cossentino does not identify specific witnesses on those topics, but rather identifies two companies, Casper G. Sippel, Inc. and M.T. Laney Company, Inc., that it purports to disclose as experts it expects to call at trial. *Id.*

A party who wishes to rely on an expert witness must make certain disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If Cossentino wished to rely on experts at trial on those topics, it was required to designate those experts during the discovery period, on the schedule to which the parties themselves agreed. Under Rule 37, a party who has failed to comply with discovery disclosure obligations "is not allowed to use that information or witness to supply

[1] Citations to transcript pages refer to the transcript pages themselves. Citations to other page numbers refer to pagination in the CM/ECF header, which may not align with a document's original page numbering.

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) makes exclusion the default, not a discretionary penalty reserved for bad faith." *O'Connor v. Fairfax Taxi, Inc.*, 188 F.4th 336, 354 (4th Cir. 2026) (citations omitted). Courts deciding whether to excuse a party's failure to comply with Rule 26(a) consider five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Cossentino filed this case in May 2024, and it was removed to this Court in June 2024. CSX filed a motion to dismiss and Cossentino filed a motion to remand, both of which the Court denied in October 2024. ECF Nos. 12 & 13. At that time, the Court observed, among other things, that easements by necessity "'normally cease to exist when the necessity for the easement ceases,'" ECF No. 12 at 15 (quoting *Stansbury v. MDR Dev., LLC*, 390 Md. 476, 491 (2006)), and are generally "'extinguished' if 'the grantee acquires a new way to the estate previously reached by the way of necessity,'" *id.* (quoting *Oliver v. Hook*, 47 Md. 301, 309 (1877)), and that creation and extinguishment of easements by necessity require considering "'public policy, which is favorable to full utilization of land and the presumption that parties do not intend to render land unfit for occupancy,'" *id.* (quoting *Stansbury*, 390 Md. at 488). The Court also noted that the safety risks associated with Cossentino's continued use of the railroad crossing "may become relevant or even dispositive following the conclusion of discovery." *Id.* at 4 n.3.

On November 14, 2024, the Court entered a scheduling order for discovery and dispositive motions. ECF No. 15. That schedule required that Plaintiff's expert disclosures (if any) be made by December 30, 2024, and any rebuttal expert disclosures by February 11, 2025, and any supplementation by February 18, 2025. *Id.* That schedule set a deadline for completion of all discovery—fact and expert—of March 14, 2025. *Id.* The parties jointly requested some extensions of the final discovery cut-off, which the Court granted, such that discovery ultimately ended on April 14, 2025. ECF No. 23. Neither side ever requested to extend the expert disclosure deadlines. And on May 6, 2025, the parties jointly stated that "[t]he parties have completed discovery, and both parties believe that this matter presents issues that are appropriate and ripe for summary judgment." ECF No. 29 ¶ 1. Thus, as of that time Cossentino not only agreed and represented to the Court that discovery had been "completed," but affirmed that the case presented "issues that are appropriate and ripe for summary judgment."

The parties each filed motions for summary judgment. ECF Nos. 32 & 33. Cossentino never argued that discovery was incomplete, or that CSX's motion should be denied as premature, and never filed a declaration under Rule 56(d). The Court held a hearing on the summary judgment motions on November 21, 2025. ECF No. 38. The Court heard argument from counsel, and following a recess issued an oral ruling denying both motions for summary judgment. ECF No. 50 (transcript) at 58:23–65:21.

And yet on September 3, 2026, Plaintiff served on CSX "amended" answers to interrogatories, newly designating two experts, both on the costs that reconfiguring the Cossentino property would allegedly entail. ECF No. 51-12 at 4–5. This was seventeen months after the close of discovery, fifteen months after the parties completed briefing on summary judgment, and ten months after the Court's ruling denying the summary

judgment motions. It was also the same day that the parties *jointly* reported to the Court that the parties were "available for trial" on dates that included December 7, which the Court accepted and on which the Court set the case for trial. ECF No. 49.

Cossentino argues that there was "substantial justification for the timing of Plaintiff's disclosure" such that it should be permitted to rely on experts whom it never disclosed during discovery. ECF No. 52-1 at 4–5. It argues that it did not realize that the burden or expense of using Kelso Drive may be relevant until the summary judgment hearing, which took place after the close of discovery. *See id.* at 4. But Cossentino has been on notice from the beginning of the case that any burden on it of having to use Kelso Drive for access rather than the railroad crossing may bear on the question of whether its easement has terminated.

One of the reasons Cossentino filed this case in the first place was that if Cossentino were required to switch to using Kelso Drive rather than the railroad crossing, Cossentino would have to "shut down [its] business." ECF No. 2 ¶ 7. As explained above, the Court noted the relevance of these issues in its opinion denying CSX's motion to dismiss. In addition, one subject of discovery was whether Cossentino can use Kelso Drive for its business, and any burden associated with doing so. For example, Cossentino's president (and 30(b)(6) designee) Kristopher Davis was examined in detail at deposition regarding the burdens and costs that reconfiguration would entail. ECF No. 51-9 at 41:5–48:17, 60:18–62:2, 67:4–74:19, 93:1–101:21, 105:13–110:3. That topic was also included among CSX's requests for production of documents, including requests 2 ("All documents, including correspondence, that relates in any way to the road or driveway that traverses the Cosda Farm Parcel and terminates at the Subject Property, including documents that relate to the design, construction and

intended use of the road"), 6 ("All documents that relate to Kristopher Davis' position as the president and registered agent of Cossentino Contracting Company, Inc. and managing member of Cosda Farm, LLC"), and 15 ("All documents that relate to whether there was unity of title between the Subject Property and the land that lies between the Subject Property and Contractors Road at the time the Cossentino Contracting Company parcel was first conveyed as a separate parcel"). ECF No. 51-3 at 6–7; ECF No. 51-8 at 3–4 & 6. The topic was also included among the designated topics for CSX's Rule 30(b)(6) deposition of Cossentino, ECF No. 51-5 at 9 (including Topic 10: "Cossentino's use of the roadway that traverses the Cosda Farm Parcel and connects the CCCI Parcel to Kelso Drive"; Topic 12: "Cossentino's communications with Cosda Farm, LLC related to Cossentino's use of the roadway that traverses the Cosda Farm Parcel and connects the CCCI Parcel to Kelso Drive"; Topic 13: "Cossentino's use of the Cosda Farm Parcel"; Topic 17: "The design, permitting, and construction of the roadway that traverses the Cosda Farm Parcel and connects the CCCI Parcel to Kelso Drive."), and among the designated topics for its Rule 30(b)(6) deposition of Cosda Farm, ECF No. 51-6 at 9 (topics 4 through 14).

At summary judgment, Cossentino itself heavily relied on *Condry v. Laurie*, 184 Md. 317 (1945). *See, e.g.*, ECF No. 33-1 at 7–8. In *Condry* itself the Supreme Court of Maryland (then the Court of Appeals) explained that analyzing easements by necessity requires considering whether "another road to the public highway can be made without unreasonable expense" even if "less convenient." *Condry*, 184 Md. at 322. Although *Condry* did not present the additional wrinkle here of an adjoining property being owned by a different entity (but with overlapping or similar ownership), Cossentino's reliance on it further confirms that it has known that the potential relevance of costs or

other burdens to reconfigure the Cossentino property to use Kelso Drive may end up bearing on CSX's argument that the railroad crossing easement has terminated. At the summary judgment hearing, Cossentino specifically pointed to the parties' "factual dispute" regarding whether reconfiguration would be necessary for Cossentino to use Kelso Drive as its primary access point as a reason the Court should deny CSX's motion for summary judgment. ECF No. 50 at 39:6–19. And in denying Cossentino's motion for summary judgment, the Court noted that if Cossentino were to prove at trial "that it would be prohibitively costly for Cossentino to use Kelso Drive," that alone may preclude a finding that the easement by necessity over the Crossing had ended. ECF No. 50 at 65:5–10.

For all these reasons, the parties have known since the beginning of, and throughout, the case that reconfiguration costs may bear on the parties' rights at issue here. The fact that the Court denied summary judgment in part because of factual disputes on that issue did not entitle Cossentino to reopen discovery to develop evidence on that issue. To the extent Cossentino desired to rely on experts to defeat summary judgment *or* prove at trial that reorienting the Cossentino property to use Kelso Drive would be prohibitively or unreasonably expensive, it was obligated to disclose those experts during the discovery period.

Cossentino next argues that regardless of whether there is a substantial justification for reopening discovery to permit belated expert disclosures and associated expert discovery, permitting it to call experts at trial would not cause prejudice to CSX because CSX "has been well aware that these issues have been in play," and because Cossentino had already provided CSX with some information about reconfiguration costs outside of discovery. ECF No. 52-1 at 3 & 5. But both points flip the expert

discovery rules on their head. The point of requiring disclosure of experts during discovery is to, among other things, permit an opposing party to designate their own corresponding experts and to depose any designated experts. *See, e.g.*, *O'Connor*, 188 F.4th at 353 (explaining that a late expert disclosure was not curable where "[t]he defense had no opportunity to depose [the expert], to test his methodology, or to retain and disclose a responsive expert without reopening discovery and potentially disturbing the trial schedule."). Absent such discovery and opportunity for counter-designation, Cossentino's expert designation long after the close of discovery creates clear prejudice to CSX.[2]

That leaves Cossentino to argue that prejudice to CSX can be "cured" by postponing the trial and reopening discovery. But this case has been pending for nearly two and a half years, with discovery completed seventeen months ago. Some of that delay was due to the parties having engaged in mediation. But at this point the case must move forward, and the Court has set aside time for the trial in this case. Cossentino has not justified a postponement.

For these reasons, CSX's motion to exclude Cossentino's recently identified expert witnesses from testifying at trial will be granted.[3]

That leaves the two other aspects of CSX's motion.

---

[2] CSX requests that the Court strike and/or seal references to any settlement discussions. ECF No. 55. Plaintiff's response deadline to that motion has not yet passed. The Court will await Plaintiff's response before ruling on the motion to seal, and if Plaintiff opposes that motion the parties shall be prepared to address it at the upcoming hearing.

[3] Because the Court reaches that conclusion on timeliness and prejudice grounds, it need not decide whether the recent disclosures Cossentino has made would satisfy the requirements of Rule 26. *See* ECF No. 51-1 at 18.

First, CSX argues that when Mr. Davis testifies at trial, he should not be permitted to "offer[] backdoor expert testimony," *i.e.*, to offer the same opinions that the (excluded) experts would have given. ECF No. 51-1 at 27. CSX points out that, during his deposition as Cossentino's corporate designee, Mr. Davis testified that closure of the crossing would require Cossentino to "completely redesign" its property, that there would be "a lot of major changes, a lot of expensive changes," and that Cossentino "would probably have to relocate." ECF No. 51-9 at 92:5–7 & 93:20-21. When asked how much that redesign and relocation would cost, he testified, "I don't know. I don't know what that would look like." *Id.* at 92:21–22. Thus CSX argues that, with Mr. Davis having now educated himself by hiring (or at least consulting with) experts who have conducted specific expertise-based calculations, he should not be permitted to "testify to 'the potential cost and/or economic impact' of reconfiguring the property—the very subject matter Mr. Davis could not address at his deposition." ECF No. 51-1 at 28. The Court does not rule on that issue now; the parties shall be prepared to address at the upcoming hearing the permissible contours of Mr. Davis's testimony.

Second, when Cossentino served amended interrogatory answers last month, in addition to attempting to designate experts for the first time, it identified two attorneys at Venable LLP—the firm representing CSX in this case—as individuals "who may have personal knowledge relevant to this dispute." ECF No. 50-12 at 5–6. Cossentino now has narrowed its plan to calling one of those attorneys at trial: Adam Rosenblatt, Esq., whom Cossentino describes as "an attorney who represented Cosda Farm, LLC and was involved in its formation" with "knowledge related to the purpose and intent of this LLC's formation, and its intended use and/or purpose." ECF No. 51-12 at 5; *see also* ECF No. 52-1 at 6 & n.3 (Cossentino withdrawing its designation of a second Venable

attorney, and of unspecified Cosda Farm tenants). CSX moves to exclude Mr. Rosenblatt's testimony because, during discovery, it "asked Cossentino in an interrogatory to identify all persons with personal knowledge about this action, and Cossentino did not identify [Mr. Rosenblatt] in response." ECF No. 51-1 at 24–25. CSX argues that Cossentino's failure to (or decision not to) identify Mr. Rosenblatt earlier is neither "substantially justified" nor "harmless," *see* Fed. R. Civ. P. 37(c)(1), because even if it "could have" known that Mr. Rosenblatt was a person with knowledge about the creation of Cosda Farm, CSX "had no way of knowing that Cossentino intended to rely on [him] as part of [its] case." ECF No. 51-1 at 25. CSX emphasizes that Cossentino cannot identify any excuse for not disclosing this intent earlier, because CSX "argued that there was unity of ownership between the Cossentino and Cosda Farm parcels in its motion to dismiss, filed more than two years ago," and Cossentino itself—in its opposition to the motion to dismiss in July 2024—described the relationship between Cossentino and Cosda Farm as "'rais[ing] an issue of material fact that must be determined at trial.'" ECF No. 54 at 4 (quoting ECF No. 8-1 at 9). Another potential complication raised by the late designation of Mr. Rosenblatt is that he is an attorney at the same firm that represents CSX in this case.

Cossentino does not dispute that it did not identify Mr. Rosenblatt as someone with relevant personal knowledge until September 2026. But it argues that testimony from Mr. Rosenblatt constitutes "rebuttal testimony to Defendant's anticipated 'common interest' argument/evidence," because Mr. Rosenblatt "represented Cosda Farm, LLC in negotiating and drafting and the access and other development agreements with Baltimore County, for the sole benefit of Cosda Farm, LLC and its property." ECF No. 52-1 at 5. And it asks the Court to excuse Cossentino's failure to

identify those attorneys during discovery because CSX "has been well aware that these issues have been in play as the result of the Court's ruling and the positions/arguments made by the Defendant related to that." *Id.*

The Court does not decide this dispute at this time either. The parties shall be prepared to address it at the upcoming hearing. But also, although CSX may be entitled to exclusion purely given the belatedness of the disclosure, in advance of the hearing the parties shall meet and confer to determine whether there may be ways for the facts on which Cossentino anticipates Mr. Rosenblatt's testimony to be offered at trial without a need for Mr. Rosenblatt to testify himself—such as through stipulations and/or identification of an alternative witness.

For these reasons, the Court hereby ORDERS as follows:

1. CSX's motion in limine (ECF No. 51) is GRANTED IN PART AND RESERVED IN PART;
2. Testimony by experts not identified by Plaintiff earlier than Plaintiff's amended answers to interrogatories is EXCLUDED;
3. The Court will hold a hearing on **Tuesday, November 17 at 4:00 p.m. ET** in Courtroom 7D of the U.S. Courthouse in Baltimore, Maryland, to address the matters on which the Court has reserved decision (including CSX's motion to seal, ECF No. 55);
4. In the meantime, CSX shall file a redacted version of its reply brief, ECF No. 54, redacting portions that are subject to its motion to seal.

Date: November 3, 2026

/s/
Adam B. Abelson
United States District Judge